IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MERCY NICOLE SANTOS,** a minor, by **JENNY BEATO,** Her Parent and Natural Guardian, | Civil No. 1:06-CV-1216 |
| **Plaintiff,** | JUDGE SYLVIA H. RAMBO |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

# M E M O R A N D U M

Plaintiff, a minor, brings the instant suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), alleging medical malpractice by health care providers at a federally-subsidized health care clinic who have been deemed federal employees subject to the FTCA. Plaintiff, under the mistaken belief that her health care providers were subject to state law, failed to file an administrative claim within two years as required by the FTCA.[1] Instead she filed suit in state court more than two years after the cause of action accrued, but within the time allowed by the Pennsylvania Minor's Tolling Statute, 42 Pa. Const. Stat. § 5533(b)(1)(i)-(ii). Before the court is Defendants' motion for judgment on the pleadings, or in the alternative, summary judgment (Doc. 21). The issue for this

---

[1] The Federal Tort Claims Act provides:
A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
28 U.S.C. § 2401(b).

court is whether the FTCA's two year statute of limitations should be equitably tolled because Plaintiff was unaware that her health care providers were federal employees. The parties have briefed the issue, and the motion is ripe for disposition. Because Plaintiff failed to exercise due diligence by inquiring into the status of her doctors, equitable tolling is not appropriate in this case. Therefore the court will grant Defendant's motion for summary judgment.

I.     **Background**

The following facts are undisputed except where noted. On November 20, 2002, when Plaintiff was six years old, her mother brought her to the pediatric clinic of the York Health Corporation seeking treatment for a fever and swelling under the chin. Over the course of the next few weeks, Plaintiff was repeatedly treated by several dentists and doctors employed by the York Health Corporation. The treatment was unsuccessful and Plaintiff continued to experience neck pain, fever, swelling, and difficulty moving her neck throughout this period. On December 22, 2002, Plaintiff went to the emergency room at York Hospital with neck pain, facial swelling and high temperature. A CT scan revealed a prevertebral abscess in the retropharyngeal space with extension into the cervical spine, suggesting osteomyelitis of one of her cervical vertebrae. Surgical exploration revealed an abscess of dental origin extending into vertebrae C1-C5 with osteomyelitis of C1 and C2.

On May 25, 2005, Plaintiff's mother filed a suit on behalf of Plaintiff in state court, alleging that Plaintiff was injured as a result of negligent treatment by the doctors and dentists at the York Health Clinic, namely the failure to diagnose and

2

treat the infection in Plaintiff's neck area.  In Pennsylvania, the general rule is that medical malpractice action must be filed two years after a cause of action accrues. 42 Pa. Const. Stat. § 5524.  However, when an injured plaintiff is younger than eighteen, the limitations period is tolled until two years after the plaintiff's eighteenth birthday under the Pennsylvania Minor's Tolling Statute, 42 Pa. Const. Stat. § 5533(b)(1)(i)-(ii).  Relying on this statute, Plaintiff filed suit in state court more than two years after her cause of action accrued, on December 22, 2002.

Four months after the state court suit was initiated, the U.S. Attorney for the Middle District of Pennsylvania certified that all the doctors involved in the case had been "deemed" federal employees pursuant to 28 U.S.C. § 2679(d)(2).  Under the Federally Supported Health Centers Assistance Acts of 1992 and 1995, 42 U.S.C. § 233(g)-(n), certain employees of health centers receiving federal funding may apply to be deemed to be federal employees for the purpose of civil actions for damages.[2]  Deemed employees who face malpractice claims enjoy the procedural and

---

[2] Under the Public Health Services Act, as amended by the Federally Supported Health Centers Assistance Acts of 1992 and 1995, 42 U.S.C. § 233(g)-(n), deeming is not automatic.  A health care entity must apply to the Department of Health and Human Services, and meet the following criteria:
> The Secretary may not approve an application under subsection (g)(1)(D) of this section unless the Secretary determines that the entity--
> (1) has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity;
> (2) has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners, and, where necessary, has obtained the permission from these individuals to gain access to this information;
> (3) has no history of claims having been filed against the United States as a result of the application of this section to the entity or its officers, employees, or contractors as provided for under this section, or, if such a history exists, has fully cooperated

(continued...)

substantive protections of the FTCA, which include an administrative claims process within the Department of Health and Human Services, 28 U.S.C. § 2675(a), the substitution of the United States as the defendant in any lawsuit, 28 U.S.C. § 2679, and a strict two-year statute of limitations, 28 U.S.C. § 2401(b).  Additionally, the federal courts have exclusive jurisdiction over tort claims against deemed employees, so plaintiffs are barred from pursuing malpractice claims in state court.  28 U.S.C. § 1346(b)(1).  As a result, the case was removed to federal court and assigned docket number 05-CV-1792.

Plaintiff's attorney, David J. Foster, avers that he believed that the doctors at York Health Corporation were not federal employees subject to the FTCA. (Doc. 27-6.)  Prior to filing the suit in state court, his firm obtained Plaintiff's medical records from York Health Corporation and that nothing in the medical records identified the clinic as a federal entity or the doctors as federal employees. Representatives of the York Health Corporation failed to disclose the entity's federal status in its correspondence with Foster and Plaintiff prior to the suit.  Additionally, the York Health Corporation's address and its website do not mention the entity's federal status.  Plaintiff only became aware of York Health Corporation's federal status after the suit had been filed in state court.

Pursuant to a stipulation entered by the United States on October 26, 2005, Plaintiff voluntarily dismissed the case to pursue an administrative complaint.

---

[2](...continued)
with the Attorney General in defending against any such claims and either has taken, or will take, any necessary corrective steps to assure against such claims in the future; and
(4) will fully cooperate with the Attorney General in providing information relating to an estimate described under subsection (k) of this section.
42 U.S.C. § 233.

As part of the stipulation, the United States agreed not to file a motion to dismiss on statute of limitations grounds if the claim was re-filed in federal district court following a denial of the administrative claim, but expressly reserved the right to raise the statute of limitations as an affirmative defense.  On November 7, 2005, Plaintiff filed an administrative claim pursuant to the FTCA.  Because no determination was made within six months, the claim was deemed denied pursuant to 28 U.S.C. § 2675(a).

On June 6, 2006, Plaintiff, by her mother, filed the instant claim against the United States pursuant to the FTCA, 28 U.S.C. § 1346(b)(1), alleging injuries as a result of negligent treatment by employees of the York Health Corporation between November 20 and December 22, 2002, but naming the United States as a defendant.  (Doc. 1.)

Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the suit for lack of jurisdiction, or in the alternative, for summary judgment under Rule 56.[3]  (Doc. 21.)  Defendant claims that Plaintiff's failure to file an administrative claim within the FTCA's two year statute of limitations bars the suit.  The motion has been fully briefed and is ripe for disposition.

---

[3] Because both parties have submitted materials outside the pleadings, the court will treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ."); *see also Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001).

**II.      Legal Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. " 'Such affirmative evidence—regardless of whether it is direct or circumstantial— must amount to more

than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.     Discussion**

Plaintiff claims that the statute of limitations for the Federal Tort Claims Act should be equitably tolled due to the fact that she was unaware of Defendants' federal status and mistakenly brought suit after the FTCA limitations period had already expired, but within the state limitations period.  Because Plaintiff failed to exercise due diligence by inquiring into the status of her health care providers, the court will decline to equitably toll the limitations period for this claim.

Generally the United States is immune from suit in its own courts. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  However, the United States may waive its sovereign immunity and consent to be sued, in which case, "[t]he terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *Id.* at 586.  A waiver of sovereign immunity is construed narrowly by the courts. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).

By enacting the FTCA, Congress chose to waive the sovereign immunity of the United States and consent to suit for certain torts committed by federal employees. *See* 28 U.S.C. § 1346.  Because the FTCA is a waiver of sovereign immunity, its terms must be construed narrowly. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).  One such term is the statute of limitations, which provides that a tort claim against the United States pursuant to the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency

7

within two years after such claim accrues . . ." 28 U.S.C. § 2401(b). Unlike many states, including Pennsylvania, the FTCA does not contain a minor's tolling provision. *McCall v. United States*, 310 F.3d 984, 987 (7th Cir. 2002). A limited statutory exception to this limitations period exists for claims that were mistakenly filed in state court without first exhausting administrative remedies. *See* 28 U.S.C. § 2679(d)(5). However, this exception only saves claims that were filed in state court within the two year limitations period. *Id.*

  Here there is no dispute that Plaintiff's cause of action accrued on December 22, 2002, the date Plaintiff received her diagnosis from York Hospital. Plaintiff did not file an administrative claim with the Department of Health and Human Services within two years as required by the FTCA. Instead, she filed suit in state court more than two years later. For this reason, her claim cannot be saved by the FTCA's limited statutory exception for suits mistakenly filed in state court. *See* 28 U.S.C. § 2679(d)(5)(A). Plaintiff acknowledges that her suit was filed outside the FTCA's two year limitations period, but she argues that the limitations period should be equitably tolled because she was unaware of the federal status of her health care providers.

  Though the statutory tolling provisions of the FTCA are limited, the Supreme Court has recognized the power of courts to equitably toll the statute of limitations in suits against the United States. *See Irwin*, 498 U.S. at 95-96 (holding that equitable tolling is available in Title VII suits against the United States). The Third Circuit has also held that equitable tolling is available in FTCA claims. *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001).

In *Hughes*, a medical malpractice case, the Third Circuit held that "the FTCA's statute of limitations is not jurisdictional," but rather "an affirmative defense which the defendant has the burden of establishing." 263 F.3d at 278. The court noted that in light of the Supreme Court opinion in *Irwin*, a rebuttable presumption of equitable tolling applies to the FTCA. *Id.* In a non-precedential decision handed down shortly after *Hughes*, the Third Circuit confirmed its holding in *Hughes* "that 'the FTCA's statute of limitations is not jurisdictional' and that '[f]ailure to comply with the statute is an affirmative defense which the defendant has the burden of establishing.'" *Rendon v. Philadelphia Health Serv.*, 38 Fed. App'x 807, 808 (3d Cir. 2002).

Defendant challenges the holding in *Hughes*, and by extension this court's jurisdiction to consider equitably tolling Plaintiff's claim. (*See* Doc. 21 at 5 n.3.) Defendant claims that *Hughes* conflicts with *Deutsch v. United States*, 67 F.3d 1080 (3d Cir. 1995), an earlier decision holding that "[t]he requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to a suit under the FTCA." 67 F.3d 1080, 1091 (3d Cir. 1995). If the FTCA limitations period is a jurisdictional mandate, then equitable tolling is not available. *See Hedges v. United States*, 404 F.3d 744, 747 (3d Cir. 2005); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Defendant argues that *Deutsch* should be considered binding because it is an earlier decision than *Hughes*, and Third Circuit Internal Operating Procedure 9.1 provides that "[i]t is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels." *Id*.; *see also Ryan v. Johnson*, 115 F.3d 193, 198 (1997).

However, the statement in *Deutsch* that compliance with the limitations period is a jurisdictional prerequisite appears to be dicta because there was no dispute in that case that the plaintiff's claim was timely filed. *Deutsch* involved an FTCA claim filed *in forma pauperis* by a prisoner who sought to recover $4.20, which was the value of pens allegedly taken from him by prison officials. 67 F.3d at 1082. There was no dispute in the case that the plaintiff's claim was timely filed, in writing, and requesting a sum certain. Instead, the only issue before the Third Circuit was whether the plaintiff's *in forma pauperis* claim was properly dismissed as trivial. *Id.* Accordingly, the holding in *Hughes* that the limitations period is not jurisdictional, but rather an affirmative defense is controlling, and the court has jurisdiction to consider whether equitable tolling is appropriate in this case.[4]

The Supreme Court has counseled that equitable tolling should be applied narrowly because such suits are only permitted through Congress's waiver of sovereign immunity. *Kubrick*, 444 U.S. at 96; *See also Hedges*, 404 F.3d at 751. ("Equitable tolling is an extraordinary remedy which should be extended only sparingly."). It may be permitted "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into

---

[4] Even if *Deutsch* and *Hughes* do conflict, it is not necessary for this court to resolve the Third Circuit's inconsistent positions because the result is the same under either holding. Defendant does not argue that the doctrine of equitable tolling is inapplicable to the FTCA—instead, it argues that the doctrine should not be applied *in this case*. Even if compliance with the limitations period is a jurisdictional prerequisite to an FTCA, and not an affirmative defense, it is still necessary to determine whether the limitations period should be tolled. Thus because Plaintiff has invoked the doctrine of equitable tolling in this case, this court has subject matter jurisdiction to determine whether the limitations period should be tolled. *See, e.g., T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006); *Skwira v. United States*, 344 F.3d 64, 71-72 (1st Cir. 2003).

allowing the filing deadline to pass" but "the principles of equitable tolling . . . do not extend to what is at best a garden-variety claim of excusable neglect." *Irwin*, 498 U.S. at 95-96.

The Third Circuit has identified three principal, but not exclusive, situations in which equitable tolling might be appropriate under the FTCA: "(1) the defendant has actively misled the plaintiff respecting the cause of action; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has raised the precise statutory claim but has mistakenly done so in the wrong forum." *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981) (citing *Smith v. Am. President Lines Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978)); *see also Oshiver*, 38 F.3d at 1387.

In this case Plaintiff does not claim that she was actively misled by York Health Corporation, or that she mistakenly brought suit in the wrong forum. Instead, she argues that the second category is applicable: that she was prevented in an extraordinary way from bringing her claim. Specifically, Plaintiff asserts that "the existence of Pennsylvania's Minors' Tolling Statute coupled with the fact that it was difficult to ascertain Defendants' federal status constitute extraordinary circumstances." (Doc. 30 at 4.)

As an initial matter, the court recognizes that the Federally Supported Health Centers Assistance Acts of 1992 and 1995, 42 U.S.C. § 233(g)-(n), have made cases of mistaken identity of federal employees both more likely, and more justifiable than in the past. Health care workers at private clinics, even ones receiving some federal aid, are not federal employees in the usual sense. After all, they do not perform a traditional government function or work in a government

11

building, and they are not on the federal payroll. Additionally, the FTCA contains no requirement that deemed facilities publicize their status as federal entities, nor does DHS publish this information. *See* Richard W. Bourne, *A Day Late, A Dollar Short: Opening a Governmental Snare Which Tricks Poor Victims Out of Medical Malpractice Claims*, 62 U. Pitt. L. Rev. 87, 87 (2000). Thus patients of such facilities often have no reason to know that the private clinic they visited is actually a federal entity, or that their physician is a federal employee, and clinics have no incentive to publicize their status. *Id.*

The upshot is that many patients injured by the medical malpractice of these federal facilities mistakenly file suit in state court without first bringing an administrative claim as required by the FTCA. This is not a problem when the state statute of limitations coincides with the FTCA's two year limitations period, but when the period is longer,[5] or when a state tolling provision exists, a plaintiff may bring suit after the federal limitations period has expired. As one academic commentator has noted,

---

[5] Fifteen states have statutes of limitations for medical malpractice claims that exceed the two year limit under the FTCA. These include California, Cal. Civ. Pro. Code § 340.5 (three years after injury or one year after discovery, whichever is sooner); Maine, Me. Rev. Stat. Ann. tit. 24 § 2902 (three years); Maryland, Md. Code Ann. Cts. & Jud. Proc. § 5-109 (five years from injury or three years from discovery); Massachusetts, Mass. Gen. Laws ch. 260 § 4 (three years from injury); Minnesota, Minn. Stat. § 541.076 (four years from injury); Montana, Mont. Code Ann. § 27-2-205 (three years from injury); Nevada, Nev. Rev. Stat. § 41A.097 (three years from injury or one year from discovery); New Mexico, N.M. Stat. § 41-5-13 (three years from injury); New York, N.Y. C.P.L.R. § 214-a (two and a half years from injury or one year from discovery); North Carolina, N.C. Gen. Stat. § 1-52.16 (three years from act or one year from discovery); Rhode Island, R.I. Gen. Laws § 9-1-14.1 (three years from injury or reasonable discovery); South Carolina, S.C. Code Ann. § 15-3-545 (three years from act or discovery); Vermont, Vt. Stat. Ann. tit. 12 § 521 (three years from injury or two years from discovery, whichever is later); Washington, Wash. Rev. Code § 4.16.350 (three years from injury or one year from discovery, whichever is later); and Wisconsin, Wisc. Stat. § 893.55 (three years from injury or one year from discovery, whichever is later).

> When a grantee agency negligently treats a person in one of the states with generous statutes of limitations, the legislative scheme often has the unintended consequence of sandbagging the victim—by her ignorance of federal government involvement and her attempt to sue the grantee agency, believing her action will be timely under the applicable state law only to discover, too late, that her claim is time barred by federal law.

*Id*.

This case raises precisely that issue. When Plaintiff filed her suit in state court, she was operating under the assumption that her doctors were private actors subject to state law, and she was relying upon the Pennsylvania Minor's Tolling Statute to toll the limitations period for her claim. Her assumption was not at all unreasonable. After all, the name of the clinic—the York Health Corporation—sounded like a private entity, and nothing in her medical records provided any indication that York Health Corporation had been deemed a federal entity by the Department of Health and Human Services. The record does not make clear whether Plaintiff was aware, or should have known that her clinic was the recipient of federal funds. However, Plaintiff admits that she did nothing to confirm her assumption, and that the clinic did nothing to affirmatively mislead her as to its federal status.

In support of her claim for equitable tolling, Plaintiff cites *Albright v. Keystone Rural Health Center*,, in which another court in this district equitably tolled the FTCA limitations period, holding that extraordinary circumstances had prevented the plaintiff from asserting her claim. 320 F. Supp. 2d 286, 290-91 (M.D. Pa. 2004). In *Albright* an infant was injured in childbirth by employees of a clinic receiving federal funds. *Id.* at 287. At the time of the birth, the mother of the child was sixteen years old. *Id.* Unaware of the federal status of the doctors, and relying

on Pennsylvania's Minors Tolling Statute, the plaintiffs filed in state court more than two years after the cause of action accrued. *Id.* Before filing suit, the plaintiffs' attorney performed a public corporation records search into the identity of the doctors and reviewed the plaintiff's medical records with a representative of the clinic. *Id.* According to the plaintiffs, their search yielded no evidence of the federal status of the doctors. *Id.* The court held that the plaintiff's reliance on the Pennsylvania Minors Tolling Statute, and the difficulty of ascertaining her doctor's federal status, constituted extraordinary circumstances sufficient to equitably toll the statute of limitations. *Id.* at 291.

While *Albright* involved similar facts to the case at hand, Defendant correctly points out that its conclusion is at odds with the majority of courts to consider this issue. With the exception of *Albright*, all other courts have held that a plaintiff's ignorance of the federal status of her health care providers justifies equitable tolling only where the plaintiff has exercised due diligence by inquiring into the federal status of the treatment provider. *See, e.g.*, *T.L. ex rel. Ingram*, 443 F.3d at 964 ("The statute of limitations is not tolled, however, simply because a plaintiff is unaware that an alleged tortfeasor is a federal employee. . . . A plaintiff thus must inquire into the employment status of her doctor."); *Gonzalez v. United States*, 284 F.3d 281, 291-92 (1st Cir. 2002) (holding that medical malpractice FTCA claim should not be equitably tolled despite plaintiff's ignorance of federal status of her doctors); *McCall v. United States*, 310 F.3d 984 (7th Cir. 2002); *Valdez ex rel. Donely v. United States*, 415 F. Supp. 2d 345, 351 (S.D.N.Y. 2006); *Schappacher v. United States*, 475 F. Supp. 2d 749, 755-56 (S.D. Ohio 2007) (holding that the statute of limitations should not be equitably tolled because plaintiffs made no

14

inquiry into doctor's federal status and there was no evidence that the doctors affirmatively misled the plaintiff). Accordingly, this court declines to follow *Albright*, and instead holds Plaintiff to the due diligence standard.

In the instant case, while Plaintiff's mistake about the federal status of her doctors is understandable, she has not "in some extraordinary way been prevented from asserting [her] rights," *see School Dist. of Allentown*, 657 F.2d at 20, because she failed to exercise due diligence by attempting to ascertain the federal status of her health care providers. Although prior to filing suit, Plaintiff's counsel requested her medical records, performed a public records search of the York Health Corporation, and visited the clinic, these efforts did not include an inquiry into the federal status of her health care providers or the clinic. Plaintiff's error does not amount to more than a "garden-variety claim of excusable neglect," to which the Supreme Court has stated that equitable tolling should not extend. *Irwin*, 498 U.S. at 95-96. Accordingly, Plaintiff has failed to comply with the statute of limitations for the FTCA.

**IV.**     **Conclusion**

For the foregoing reasons, the court will grant Defendant's summary judgment motion (Doc. 21). An appropriate order will issue.

>                         s/Sylvia H. Rambo
>                         SYLVIA H. RAMBO
>                         United States District Judge

Dated:  November 30, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MERCY NICOLE SANTOS,**
**a minor, by JENNY BEATO,**
**Her Parent and Natural Guardian,**

: Civil No. 1:06-CV-1216
:
: **JUDGE SYLVIA H. RAMBO**

**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

**Defendant.**

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**

1) Defendant's motion for summary judgment (Doc. 20) is **GRANTED**;

2) Judgment is hereby **GRANTED** in favor of Defendant and against Plaintiff.

3) The Clerk of Court shall enter judgment as directed above and close the file.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 30, 2007.